PER CURIAM:
Claimants brought this action for damage to their 2000 Mercury Cougar which occurred when Nancy Tyree was driving the vehicle on County Route 21/5 in Elkins, Randolph County, and the vehicle struck a large hole in the road. Respondent was responsible at all times for the maintenance of County Route 21/5. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on February 28, 2001, at approximately 1:30 p.m. Mrs. Tyree was driving the vehicle and Mr. Tyree was the front seat passenger. They were on their way to the hospital where Mr. Tyree had an appointment. It was a clear day and the road surface was dry. Mrs. Tyree testified that she was traveling approximately twenty-five to thirty miles per hour in a thirty-five mile per hour zone. The claimants were traveling northeast on Robert E. Lee Avenue in Elkins which turns into County Route 21/5. They were approximately one tenth of a mile beyond the location where Robert E. Lee Avenue ends and County Route 21/5 begins, when suddenly and without warning the front passenger side tire struck a large hole in the road causing the wheel to strike a manhole cover that was adjacent to the hole. The impact was severe enough to dent the front passenger side wheel. Claimants had to continue their trip to the hospital which was only a few miles. However, on their trip back home claimants felt a vibration coming from the front of the vehicle. They took the vehicle in for an evaluation at which time it was discovered that the front passenger side wheel was bent and had to be replaced. Claimants submitted a repair bill into evidence in the amount of $244.97. Mrs. Tyree testified that she drove this portion of road often and she had probably traveled it the day prior to this incident. However, she did not recall seeing this hole. Mr. Tyree also stated that he had not noticed the hole until after the incident. Mrs. Tyree testified that the hole in the road was approximately half the size of a basketball and Mr. Tyree described the hole as being approximately one foot to one and one-half feet wide and approximately eight inches long. He stated that the hole at issue was located adjacent to the manhole cover and both were within their lane of travel. According to Mr. Tyree, when the tire dropped down into the hole the wheel or rim was bent by the adjacent manhole cover.
Claimants assert that respondent knew or should have known of such a large hole in the road and failed to take timely remedial measures to remedy this hazardous risk to the traveling public.
*273 It is respondent’s position that it did not have notice of this hole nor a reasonable amount of time to remedy the problem.
Lewis Gardner, the Assistant County Supervisor for respondent in Randolph County at that time, testified that his responsibilities include the supervision of highway maintenance within Randolph County including the portion of County Route 21/5 at issue. He testified that he is familiar with the location of this incident. Fie described County Route 21/5 as a two lane, blacktop, flood control route. He also stated that it is a priority two road with no lines or markings and is eighteen feet wide. According to Mr. Gardner, his office did not have any complaints regarding this hole on record prior to February 28, 2001. Further, he testified that either he or his crew “might” check this portion of highway for maintenance purposes once a month, unless there is a complaint in which case he or his crew will drive through the area.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole, its location in the travel portion of the highway, and the fact it was adjacent to a manhole cover leads the Court to conclude that respondent had notice of this hazardous condition and had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
Accordingly, the Court makes an award to the claimants in the amount of $244.97.
Award of $244.97.